IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| WILLIAM HORACE WARD, III, PRO SE, §<br>also known as WILLIAM H. WARD, III, §<br>also known as BILL WARD, §<br>TDCJ-CID No. 1102580, §<br>    §<br>    Plaintiff, §<br>    §<br>v.  §<br>    §<br>CHARLES McDUFFIE, Senior Warden, §<br>    §<br>    Defendant. § | 2:11-CV-0232 |

## REPORT AND RECOMMENDATION

Plaintiff WILLIAM HORACE WARD, III, acting pro se and while a prisoner confined in the Texas Department of Criminal Justice, Correctional Institutions Division, has filed suit pursuant to Title 42, United States Code, Section 1983 complaining against the above-referenced defendant and was granted permission to proceed *in forma pauperis*.

By his November 8, 2011 Amended Complaint, plaintiff complains defendant McDUFFIE was negligent, and displayed "deliberate indifference, as Administrations Supervisor[1]." By his Statement of Claim, plaintiff alleges he has submitted Life In Danger Report(s) and has suffered greatly due to post-traumatic stress disorder and rape trauma syndrome. He further alleges he has suffered harassment and retaliation by the Neal Unit Administration to neglect ignore . . . retaliation/harassments include - liberty interest over 360

---

[1] Plaintiff's November 8, 2011 Amended Complaint on page 3, at section IV. Parties to the Suit.

days good time credits lost due to several disciplinary reports.  This Unit requires a "F**k or Fight" stand as in *Johnson v. Johnson*, 385 F.3d 503.

Plaintiff requests a Temporary Restraining Order, to be transferred out of Region V of the Texas Panhandle and $50,000.00 if plaintiff is harmed before relief is granted.

The November 8, 2011 Amended Complaint lists two defendants, CHARLES McDUFFIE, Senior Warden, and a second defendant, NEAL UNITS STRUCTURAL ADMINISTRATION AKA NATHANIEL J. NEAL UNIT #070.  By his "Discovery Motion" filed December 28, 2011, plaintiff requests leave to amend the style "to just include a single defendant . . . ," indicating that remaining defendant is defendant McDUFFIE.  That motion was granted of even date herewith and, for that reason, no analysis of any claim(s) or potential claim(s) against defendant NEAL UNITS STRUCTURAL ADMINISTRATION AKA NATHANIEL J. NEAL UNIT #070 is conducted.

## JUDICIAL REVIEW

When a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, the Court must evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[2], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. 1915A; 28 U.S.C. 1915(e)(2).  The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions.  42 U.S.C.

---

[2]A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); *see*, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

1997e(c)(1). A *Spears* hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991)[3].

The Magistrate Judge has reviewed the facts alleged by plaintiff to determine if his claim presents grounds for dismissal or should proceed to answer by defendants.

## THE LAW AND ANALYSIS

Plaintiff's claims are entirely conclusory. Despite the instruction contained in the October 12, 2011 Order to Amend that plaintiff provide specific facts stating the act(s) or omission(s) by each named defendant including the relevant dates, and showing how the defendant is involved in the facts forming the basis of the lawsuit, plaintiff has not done so. Plaintiff was further instructed that, if he claimed to have submitted a Life Endangerment Complaint, he was to state exactly what he said in the complaint, the date on which he submitted it, to whom he submitted it, and what response he received. Plaintiff was given similar instructions to provide specific factual details concerning any disciplinary cases he claimed he received. Plaintiff has not followed these and other instructions in the Order to Amend.

Plaintiff utterly failed to present the factual foundation for his claim(s). He has, therefore, failed to state a claim on which relief can be granted.

Moreover, it appears plaintiff's claim(s) against defendant McDUFFIE as based, in whole or in part, on McDUFFIE's supervisory position. The acts of subordinates trigger no individual section 1983 liability for supervisory officers. *Champagne v. Jefferson Parish*

---

[3] *Cf*, *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.").

*Sheriff's Office*, 188 F.3d 312, 314 (5th Cir. 1999).  A supervisory official may be held liable only when he is either personally involved in the acts causing the deprivation of a person's constitutional rights, or there is a sufficient causal connection between the official's act and the constitutional violation sought to be redressed.  *Thompkins v. Belt*, 828 F.2d 298, 304 (5th Cir.1987); *Douthit v. Jones*, 641 F.2d 345,  346 (5th Cir.1981) (*per curiam*).  Plaintiff has alleged no fact demonstrating personal involvement by defendant McDUFFIE and has alleged no fact showing any causal connection between his acts or omissions and any alleged constitutional violation.  Consequently, plaintiff's allegations against defendant McDUFFIE fail to state a claim on which relief can be granted.

## CONCLUSION

For the reasons set forth above and pursuant to Title 28, United States Code, sections 1915A and 1915(e)(2), as well as Title 42, United States Code, section 1997e(c), it is the RECOMMENDATION of the Magistrate Judge to the United States District Judge that the Civil Rights Complaint filed pursuant to Title 42, United States Code, section 1983, by plaintiff WILLIAM HORACE WARD, III, be DISMISSED WITHOUT PREJUDICE FOR FAILURE TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED.

Plaintiff may utilize the period for filing objections in which to amend his pleading to cure his deficient claim(s) or he may file objections to the Report and Recommendation.

INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 3rd day of February, 2012.

CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

**\* NOTICE OF RIGHT TO OBJECT \***

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).