IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| WILLIAM HORACE WARD, III, PRO SE, <br> also known as WILLIAM H. WARD, III, <br> also known as BILL WARD, <br> TDCJ-CID No. 1102580, <br><br> Plaintiff, <br><br> v. <br><br> CHARLES McDUFFIE, Senior Warden, <br><br> Defendant. | § § § § § § § § § § § § § § | 2:11-CV-0232 |

**ORDER OF DISMISSAL**

Plaintiff WILLIAM HORACE WARD, III, while a prisoner confined in the Texas Department of Criminal Justice, Correctional Institutions Division, filed suit pursuant to Title 42, United States Code, section 1983 complaining against CHARLES McDUFFIE, Senior Warden at the Neal Unit, and has been granted permission to proceed *in forma pauperis*.

On February 3, 2012, after reviewing plaintiff's amended complaint, a Report and Recommendation was issued by the United States Magistrate Judge recommending the instant cause be dismissed without prejudice for failure to state a claim on which relief can be granted.

Plaintiff filed his Objections on February 16, 2012, along with a proposed second amended complaint attached to the objections, and a third motion for leave to proceed in forma pauperis.

The Court has made an independent examination of the records in this case and has examined the Magistrate Judge's Report and Recommendation, as well as the Objections filed by the plaintiff. The proposed second amended complaint attached to plaintiff's Objections still

does not comply with the instructions in the Court's October 12, 2011 Order to Amend and does not contain a clear and concise statement of plaintiff's claim against defendant McDUFFIE showing how those acts or omissions were wrongful or violated plaintiff's constitutional rights. Plaintiff was instructed to provide specific facts and dates; not conclusory allegations. Although plaintiff has made serious allegations, his claims set forth in the proposed second amended complaint do not cure the deficiencies of the original complaint or the first amended complaint. Plaintiff merely puts before the Court vague and global allegations which do not indicate what McDUFFIE allegedly did that was in violation of plaintiff's constitutional rights. Plaintiff's present allegations are that McDUFFIE denied plaintiff's request for a transfer out of Region V and denied several grievances in which plaintiff claimed his life was in danger. Plaintiff does not present any allegation of fact supporting a claim that these actions were taken with deliberate indifference to a substantial risk of harm to plaintiff. Although the Court expressly instructed plaintiff to inform the Court what he had said in any LID he feels McDUFFIE wrongfully denied, plaintiff has failed to do to. Plaintiff has not informed the Court what facts he feels were known by defendant McDUFFIE which indicated plaintiff was in substantial danger of serious harm. Plaintiff has received three opportunities to do so. The remedy in such an instance is not to serve the defendant and see if a claim ever develops. The Court is statutorily required to screen complaints before service, not afterward.

By the October 12, 2011 Order to Amend, plaintiff was given clear and specific instructions concerning the facts needed by the Court. Plaintiff has failed to provide them. Counting the proposed second amended complaint attached to plaintiff's objections, plaintiff has received three opportunities to state a claim against the defendant(s) of his choice and has failed

2

to do so except in the most general and conclusory terms. It appears plaintiff has stated his best case, *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998). and there is no need for a further factual statement from plaintiff. *Jacquez v. Procunier*, 801 F.2d 789, 792 (5th Cir. 1986).

The Court is of the opinion that the objections of the plaintiff should be OVERRULED and the Report and Recommendation of the United States Magistrate Judge should be ADOPTED by the United States District Court.

This Court, therefore, does OVERRULE plaintiff's objections, and does hereby ADOPT the Report and Recommendation of the United States Magistrate Judge.

IT IS THEREFORE ORDERED that the Civil Rights Complaint by WILLIAM HORACE WARD, III, is DISMISSED WITHOUT PREJUDICE FOR FAILURE TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

The Clerk shall send a copy of this order to plaintiff and to any attorney of record. The Clerk shall also mail copies of this order to TDCJ-Office of the General Counsel, P.O. Box 13084, Austin, TX 78711; and to the Pro Se Clerk at the U.S. District Court for the Eastern District of Texas, Tyler Division.

IT IS SO ORDERED.

Signed this the 21/st day of February, 2012.

MARY LOU ROBINSON
United States District Judge